```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


TYRONE OWENS, JR.,

                Petitioner,

-vs-                                  Case No.  2:05-cv-528-FtM-29DNF
                                      Case No.  2:97-cr-55-FTM-29DNF

UNITED STATES OF AMERICA,

                Respondent.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's Notice of Appeal (Doc. #6) filed on December 8, 2005.  Pursuant to Fed. R. App. P. 22(b)(1), this is deemed to also include an application for certificate of appealability.  Also before the Court is petitioner's Motion to Proceed on Appeal In Forma Pauperis (Doc. #7), filed January 12, 2006.

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

In this action, the Court denied the petition on procedural grounds finding that United States v. Booker, 125 S. Ct. 738 (2005) was not applicable retroactively, and that a previous § 2255 petition had been filed and permission was required for a successive petition. (Opinion and Order, Doc. #4). Petitioner has failed to show that jurists of reason would find the Court was incorrect in its procedural rulings.

Accordingly, it is now

**ORDERED**:

1. Petitioner's application for certificate of appealability, deemed included in the Notice of Appeal (Doc. #8) is **DENIED**.

2.  Petitioner's Motion to Proceed on Appeal In Forma Pauperis (Doc. #7) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
All Parties of Record

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303
**(05-17010F)**